UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT L. PAYNE,

        Plaintiff,

v.                                                                Civil Action No. 04-2175 (RCL)

LES BROWNLEE, *et al.*,

        Defendants.

FILED

MAR 24 2006

**MEMORANDUM OPINION**     NANCY MAYER WHITTINGTON, CLERK
                                                               U.S. DISTRICT COURT

This matter is before the Court on consideration of defendants' motion to dismiss or, in the alternative, for summary judgment. Having considered the motion, plaintiff's opposition, and the entire record, the Court will grant defendants' motion.

I. BACKGROUND

Plaintiff enlisted in the United States Army in 1959. Mem. of P.&A. in Support of Defs.' Mot. to Dismiss in Part, and for Summ. J. ("Defs.' Mem."), Administrative Record ("A.R.") 242-46. Following an automobile accident in Bamberg, Germany on June 26, 1960, plaintiff was accused of violating two Articles of the Uniform Code of Military Justice. The specifications against plaintiff were as follows:

> In that [plaintiff] did . . . unlawfully kill Private (E-2) Richard A[.]
> Blake, by negligently operating an automobile in such a manner as to
> cause him to lose control of said vehicle, collide with a fence, and
> overturn.

> In that [plaintiff] did . . . violate a lawful general regulation . . . by operating a vehicle without a valid privately owned vehicle license.

A.R. 165. Initially, "two trained military lawyers" were appointed to represent plaintiff. Compl. ¶ 2. Before trial began, these lawyers were removed and succeeded by a lieutenant who allegedly "had no training in law." *Id.* A Special Court-Martial found plaintiff guilty on both specifications and charges on or about November 4, 1960.[1] A.R. 181. Plaintiff was sentenced to perform hard labor without confinement for three months, to a be reduced to the grade of recruit (E-1), and to forfeit $50 per month for six months. A.R. 182. The convening authority approved the sentence on November 5, 1960. *Id.* Plaintiff did not appeal the conviction because, he alleges, no one advised him of his right to appeal. Compl. ¶ 18.

Plaintiff faced another special court-martial, when he "did, on or about 1 Aug 1961, absent himself from his unit . . . and did remain so absent until on or about 28 Aug 1961." A.R. 195 (September 27, 1961 Special Court Martial Order No. 62). He pled guilty, and was sentenced on September 27, 1961 to confinement at hard labor for three months and to forfeit $43 per month for three months. *Id.*

Plaintiff's Commanding Officer recommended his discharge prior to the normal expiration of his term of duty due to "[f]requent incidents of a discreditable nature with . . . military authorities," including absences without leave and unsatisfactory performance. *See* A.R.

---

[1] Special courts-martial may "adjudge any punishment not forbidden by [the Uniform Code of Military Justice] except death, dishonorable discharge, dismissal, confinement for more than one year, hard labor without confinement for more than three months, forfeiture of pay exceeding two-thirds pay per month, or forfeiture of pay for more than one year." 10 U.S.C. § 819 (emphasis added).

2

125-29, 132-48. His undesirable discharge was effective on January 30, 1962. A.R. 109 (Summary of Military Service), 271 (January 29, 1962 Special Orders No. 20).

In 1976, plaintiff unsuccessfully challenged his discharge. A.R. 111 (Application for Review of Discharge or Separation from the Armed Forces of the United States signed on March 8, 1976). The Army Discharge Review Board determined that plaintiff's discharge was proper, and denied his request to change the type and nature of his discharge. A.R. 90, 94 (January 6, 1977 letter from R.S. Young, Brigadier General and November 11, 1976 Army Discharge Review Brief).

Plaintiff twice applied to the Board for Correction of Military Records ("Board") for correction of his records. In response to his first application, the Board made no decision on his application because it appeared that the relevant records had been destroyed in a fire at the National Personnel Records Center in 1973. A.R. 107 (November 19, 1982 letter from John W. Matthews, Executive Secretary, Board for Correction of Military Records). The Board's letter advised plaintiff to "reapply at any time if [he] can submit the necessary supporting documents and/or information." *Id.*

Evidently, plaintiff learned that the military records did exist when "the U.S. Probation Officer preparing the Pre Sentence Report was able to write to the [A]rmy and obtain information about every aspect of [his] court martial and all army records." Compl. ¶ 11. Plaintiff submitted a second application for correction of military records in November 1991. A.R. 100 (Application for Correction of Military Record signed on November 18, 1991). He sought reversal of the November 1960 special court-martial, upgrade of his discharge from undesirable to honorable, and expungement of records of the September 1961 special court-martial. *Id.* Plaintiff

3

challenged the November 1960 special court-martial on the grounds that the evidence of his guilt was insufficient and that he was denied competent defense counsel. *Id.* The Board denied plaintiff's application on January 13, 1993 because it was not filed timely. *See* A.R. 95-98 (Memorandum of Consideration, Docket Number AC92-08989). Its decision stated:

> The alleged error or injustice was, or with reasonable diligence should have been discovered on 30 January 1962, the date he was discharged. The time for the applicant to file a request for correction of any error or injustice expired on 30 January 1965.
>
> The application is dated 18 November 1991 and the applicant has not explained or otherwise satisfactorily demonstrated by competent evidence that it would be in the interest of justice to excuse the failure to apply within the time allotted.

A.R. 97.

In January 2004, plaintiff sought reconsideration of the Board's 1993 decision. *See* A.R. 6 (Application for Correction of Military Record signed January 13, 2004). He argued that he was "not allowed trained military counsel, [nor] allowed to hire civilian counsel, and [nor] allowed to appeal the conviction, all in violation of the Constitution & the decisions of the U.S. Supreme Court."[2] A.R. 6. For these alleged errors, he asked to have the November 1960 Special Court-Martial expunged from his records. *Id.* The Board concluded that there was no evidence of a probable error or injustice, and therefore denied the request to amend its January 13, 1993 decision. A.R. 1 (September 15, 2004 Memorandum), 2-5 (Record of Proceedings, Docket No. AR2004102641).

---

[2]   These were "new arguments . . . considered by the Board" on "reconsideration of [plaintiff's] earlier appeal that a special court-martial for negligent homicide, and all related documents, be expunged from his military records." A.R. 3.

4

Plaintiff alleges that his November 1960 court-martial conviction is unconstitutional because he was denied competent defense counsel, and demands declaratory judgment to this effect. Compl. at 9. He now demands reversal of the Board's decision, expungement of the November 1960 special court-martial conviction from his Army records, and upgrade of his discharge from undesirable to honorable. *Id.*

## II.  DISCUSSION

### A. *The Statute of Limitations Bars Consideration of Plaintiff's Claim for Upgrade of his Undesirable Discharge*

"[E]very civil action against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401. This provision applies to "claims seeking to correct or upgrade the discharge of former service members." *Kendall v. Army Bd. for Corr. of Military Records*, 996 F.2d 362, 365 (D.C. Cir. 1993). In this context, the cause of action for upgrade of a military discharge accrues "at the time when he began to suffer an alleged disadvantage." *Walters v. Secretary of Defense*, 725 F.2d 107, 114 (D.C. Cir. 1983), *reh'g denied*, 737 F.2d 1038 (D.C. Cir. 1984) (en banc) (per curiam); *Kendall*, 996 F.2d at 365-66. The Court concludes that plaintiff's cause of action arose when his discharge became effective on January 30, 1962. The six-year statute of limitations has long since run, and the claim for upgrade of his discharge now is barred.

Plaintiff asserts that defendant misled him when, in the Board's 1982 correspondence it suggested the destruction of the relevant records in a fire. *See* Compl. ¶¶ 11-12. He contends that the Army caused any delay in the filing of his claim, and that he should be allowed to proceed because the Board invited him to "reapply at any time [he] can submit the necessary

supporting documents." Mem. of P.&A. in Opp. to Defs.' Mem. ("Pl.'s Opp.") at 1-2. Thus, he argues, the statute of limitations does not bar his claim. His argument is without merit. Regardless of any question as to the destruction of the relevant records, plaintiff does not account for the intervening years between his discharge in 1962 and the expiration of the limitations period in 1968. Plaintiff's his first application for correction of military records was not filed until 1982, roughly 20 years after his cause of action accrued.[3]

### B. Attack on Validity of Special Court-Martial Conviction is Barred

To the extent that plaintiff attacks the validity of the November 1960 special court-martial conviction, the claim must fail. Military courts are independent of the federal courts, and are "analogized [] to state court systems when individuals punished by court-martial seek redress in federal courts." *Kendall*, 966 F.2d at 366; *see Gusik v. Schilder*, 340 U.S. 128, 131 (1950) (making analogy between collateral attack on military judgment and collateral attack on state court judgment). For this reason, federal courts "apply identical waiver rules to bar claims raised for the first time during a collateral attack on a court-martial." *Kendall*, 966 F.2d at 366.

Plaintiff offers no explanation for his failure to raise objections in the military courts pertaining to defense counsel, and does not show that his inability to raise them here prejudices him in any way. His failure to raise issues pertaining to alleged errors in the special court-martial proceedings in the military courts, then, bars their review by this Court. *See Kendall*, 996 F.2d at 366; *Martinez v. United States*, 914 F.2d 1486, 1488 (Fed. Cir. 1990) ("[a]bsent a showing of good cause and prejudice, an appellant's failure to raise his constitutional claims in the military

---

[3] Neither party includes in this record a copy of plaintiff's 1982 application to the Army Board for Correction of Military Records. The Court presumes that plaintiff challenged his undesirable discharge at that time.

court system bars him from raising them in federal court"); *Wolff v. United States*, 737 F.2d 877, 879-80 (10th Cir.), *cert. denied*, 469 U.S. 1076 (1984).

### C. The Board Properly Denied Plaintiff's Application for Correction of Military Records

Even if plaintiff's claims were not otherwise barred, the claims must fail. The Board properly concluded that correction of plaintiff's military records is not warranted.

#### 1. Standard of Review

The Secretary of the Army, acting through the Army Board for Correction of Military Records, "may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice."[4] 10 U.S.C. § 1552 (a); *see* 32 C.F.R. § 581.3(b)(4). Federal courts may review the decisions of boards for correction of military records under the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 701 *et seq. Piersall v. Winter*, 435 F.3d 319, 325 (D.C. Cir. 2006). "Board decisions . . . can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *see Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000); *Kreis v.*

---

[4] A request for correction of records must be filed "within three years after [the applicant] discovers the error or injustice." 10 U.S.C. § 1552(b). However, the Board "may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice." *Id.* The Board's waiver determinations under § 1552(b) are subject to judicial review. *Dickson v. Secretary of Defense*, 68 F.3d 1396, 1404 (D.C. Cir. 1995).

The Board denied plaintiff's 1991 application for correction of military records on the ground that he did not file the application timely. Plaintiff did not explain or demonstrate satisfactorily "by competent evidence that it would be in the interest of justice to excuse the failure to apply" by January 30, 1965, three years after his discharge became effective. A.R. 97. In spite of its prior decision, the Board accepted plaintiff's 2004 request for reconsideration so that it could consider the merits of plaintiff's new arguments. The timeliness of his 2004 request for reconsideration, then, is not an issue.

7

*Secretary of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989) ("decisions of the [Air Force] Board [for Correction of Military Records] are reviewable under the APA, albeit by an unusually deferential application of the 'arbitrary or capricious' standard").

The Board correctly concluded that it had no authority to "disturb the finality of a court-martial conviction." A.R. 5. The Board cannot set aside, invalidate, or overrule a court-martial conviction. *See Kendall*, 966 F.2d at 364 (concluding that Board "properly decided that it lacked jurisdiction 'where the issue is limited solely to the setting aside of a conviction . . . or the deletion of such a record'"); *Baxter v. Claytor*, 652 F.2d 181, 185 (D.C. Cir. 1981); 10 U.S.C. §1552(f). The Board can, however, "remove all traces of an invalid court martial from a serviceman's records" if correction of the records is "necessary to correct an error or remove an injustice." *Baxter*, 652 F.2d at 185.

Plaintiff sought correction of his military records, that is, expungement of the November 1960 Special Court-Martial conviction, on the grounds that he was "not allowed trained military counsel, [and ] not allowed to hire civilian counsel." A.R. 6. The Board considered these contentions. It found that a defense counsel and an assistant defense counsel had been appointed to represent him, and that defense counsel was present at the special court-martial proceedings. Defense counsel's legal qualifications were stated for the record. *See* A.R. 16. Nothing in the trial record indicated that plaintiff objected to the qualifications, competence or performance of assigned counsel or that he requested civilian defense counsel.

Plaintiff's case presumably underwent review by the Judge Advocate General prior to its approval by the convening authority. The conviction did not require an automatic referral to the Court of Criminal Appeals because it was not a case "in which the sentence, as approved,

extends to . . . dishonorable or bad conduct discharge, or confinement for 1 year or longer; and the accused has not waived or withdrawn appellate review." A.R. 4. Nothing in the record indicated plaintiff's intention or attempt to pursue an appeal in the military courts.

Plaintiff has not produced evidence sufficient to persuade this Court to depart from the deference accorded to decisions of boards for correction of military records.

## III. CONCLUSION

The statute of limitations bars plaintiff's claim for an upgrade of his discharge from undesirable to honorable. His failure to raise objections in the military courts pertaining to defense counsel's performance bars review of such matters in federal court. The Board found, and the Court concurs, that correction of plaintiff's military records is not warranted in this case. Accordingly, defendants' motion to dismiss in part and for summary judgment will be granted. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

*[signature]*
ROYCE C. LAMBERTH
United States District Judge

Date: 3/24/06